

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SASSY, INC., | ) |
|        Plaintiff, | ) |
| v. | ) No. 04 C 7219 |
| DONALD P. BERRY, SR., | ) |
|        Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sassy, Inc. ("Sassy"), an Illinois corporation, filed this complaint for declaratory judgment against defendant Donald P. Berry, Sr., a Florida resident. Sassy produces and sells products for infants and young children, including a product known as the "Sassy Teething Feeder." The "Sassy Teething Feeder" consists of a mesh bag in which solid food can be placed, allowing young children to safely consume the food. Mr. Berry also sells an infant-feeding product known as the "Baby Safe Feeder." Mr. Berry holds a patent on his product, U.S. Patent 6,524,272 ("the '272 Patent"). In August 2004, Mr. Berry's attorney sent Sassy a letter claiming that the "Sassy Teething Feeder" infringed on the '272 Patent, and demanding that Sassy cease production and marketing of the product. Sassy alleges that the '272 Patent is invalid on a number of grounds and seeks a declaratory judgment to that effect. Mr. Berry moves to dismiss the complaint for lack of personal jurisdiction and for improper venue, pursuant to Fed. R. Civ. P.

12(b)(2) and 12(b)(3). In the alternative, Mr. Berry moves to transfer venue, pursuant to 28 U.S.C. § 1404(a). I grant the motion to transfer and deny the motion to dismiss as moot, for the reasons stated below.

Section 1404(a) provides for the transfer of an action to any district where it might have been brought "for the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). Transfer is appropriate when venue is proper in both the transferor and transferee districts, when the transfer is for the convenience of parties and witnesses, and when the transfer serves the interests of justice. *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). The decision to transfer is left to the sound discretion of the trial court. *Id.* (citing *Heller Fin., Inc. v. Midwhey Power Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)).

The parties agree, for the purposes of the motion to transfer, that venue is proper in both this district and in the Middle District of Florida.[1] I therefore consider the convenience of the parties and witnesses, and the interests of justice. When evaluating the convenience factor, I should consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3)

---

[1] Mr. Berry contests the existence of personal jurisdiction and thus the propriety of venue in his other motion before this court, but as I could transfer this action regardless of the existence of personal jurisdiction, I need not address the issue at this time. *See Marder v. Dembinski*, 498 F. Supp. 1323, 1324 (N.D. Ill. 1980).

2

the relative ease of access to sources of proof; (4) the convenience of the witnesses; (5) the convenience to the parties of litigating in the respective forums." *Law Bulletin*, 992 F. Supp. at 1017.

Plaintiff's choice of forum deserves deference, but that deference is lessened when the forum is not the situs of material events. *Id.* (citing *Heller Fin.*, 883 F. 2d at 1129). Sassy states that Illinois is its home forum, as it is both incorporated here and has its headquarters within the state. However, the situs of material events is not within Illinois. The determination of patent infringement does not implicate a specific location. *Holley Perf. Products, Inc. v. Barry Grant, Inc.*, No. 04-C-5758, 2004 WL 3119017, at *6 (N.D. Ill. Dec. 20, 2004). Thus the first factor weighs slightly against transfer, and the second is neutral.

The third factor weighs slightly in favor of transfer. The documents relating to the prosecution of Mr. Berry's patent are located in Florida. However, documents can fairly easily be transported from one location to another. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). The location of witnesses is more neutral. Mr. Berry names several witnesses located in Florida, the most relevant of which is himself. Sassy names several potential witnesses in Illinois, all employees. Sassy also names several potentially important witnesses – the alleged co-inventors of its product – who are located in Ohio or

Michigan. All non-party witnesses appear to live outside both districts - this factor is a wash.

I also consider the convenience of the parties in litigating this action. Sassy, which describes itself as a small company, has 115 employees and has experienced modest sales growth, by its own account.[2] Mr. Berry is an individual who, by his own account and according to his physician, suffers from health problems and has been advised not to travel. Further, Mr. Berry states that he is the president of the company that manufactures his product and that the company only has five employees. The relative circumstances of the parties weighs in favor of transfer. *See, e.g. Hanley*, 6 F. Supp. 2d at 776.

Finally, I must consider the interests of justice, which "embraces traditional notions of judicial economy, rather than the private interest of the litigants and their witnesses." *Law Bulletin*, 992 F. Supp. at 1019. I should include in my consideration how fast the action will proceed to trial; familiarity with the applicable law; the desirability of resolving controversies in their locale; and any relation of either community to the action at hand. *Hanley*, 6 F. Supp. 2d at 777. Those interests weigh, slightly, toward transfer. According to the Judicial Caseload Profiles provided by Mr. Berry, the Middle

---

[2] Sassy states that its parent company, Russ Berrie, had net losses in both 2004 and the first five months of 2005. Russ Berrie is not, however, a party to this action.

4

District of Florida will provide a speedier path to trial - 20.2 months to this district's 28.4 months.[3] Both courts will be equally at ease in applying federal patent law to this action. While, as noted above, there is no particular situs to the events giving rise to this action, Florida does have an interest in the action, as the patent-owner resides there and produces his product within the state.

Based on the above considerations, Mr. Berry's motion to transfer is granted. Mr. Berry's motion to dismiss is denied as moot; that motion was based on a lack of personal jurisdiction, and Mr. Berry does not contest that jurisdiction exists in the Middle District of Florida.

**ENTER ORDER:**

*Elaine E. Bucklo*
_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 21, 2005

---

[3] Resolution short of trial might be speedier in this district, however - 5.9 months to Florida's 8.7 months.